**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Maurio Daetrel Rivers, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2020-001106

_____

Appeal From Colleton County
William H. Seals, Jr., Circuit Court Judge

_____

Unpublished Opinion No. 2025-UP-040
Submitted January 1, 2025 – Filed February 5, 2025

_____

**REMANDED**

_____

Senior Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

_____

**PER CURIAM:** Maurio Daetrel Rivers appeals the post-conviction relief (PCR) court's order denying his application for PCR. On appeal, Rivers argues the PCR court erred in failing to find his trial counsel was ineffective for failing to object to the trial court's accomplice liability charge, which he contends constituted an

improper comment on the facts of his case. Because the PCR court did not make specific findings of fact and conclusions of law on this issue, we remand the matter to the PCR court for a supplemental order addressing the issue. *See* S.C. Code Ann. § 17-27-80 (2014) (stating a PCR court must "make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented"); *Fishburne v. State*, 427 S.C. 505, 512, 832 S.E.2d 584, 587 (2019) ("The PCR court's general denial of all claims not specifically addressed in the PCR court's order 'does not constitute a sufficient ruling on any issues since it does not set forth specific findings of fact and conclusions of law.'" (quoting *Simmons v. State*, 416 S.C. 584, 592, 788 S.E.2d 220, 225 (2016))); *id.* at 517, 832 S.E.2d at 590 (remanding the matter "to the PCR court for the issuance of a supplemental order setting forth findings of fact and conclusions of law on the PCR ground that was not addressed in the original order"); *id.* at 516, 832 S.E.2d at 589 (explaining that "because the United States Constitution's Sixth Amendment guarantee to a defendant's right to effective assistance of counsel is engrained in PCR cases, we cannot continue to permit a party's procedural shortcoming . . . to prevent this Court from remanding claims of ineffective assistance of counsel when the PCR court's order does not comply with section 17-27-80"). The supplemental PCR order shall be entered within forty-five days of this court's mailing of the remittitur. Following the issuance of the supplemental PCR order (and a ruling on any post-hearing motions that may thereafter be filed), the aggrieved party may serve and file a new notice of appeal.

**REMANDED.**[1]

**WILLIAMS, C.J., and KONDUROS and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.